IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CAROL COOK, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-00003-DGK |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER ON DISCOVERY DISPUTE

This is a personal injury suit in which Plaintiff Carol Cook ("Cook") alleges that Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") negligently caused her to fall and injure herself at a Cracker Barrel restaurant. Now before the Court is a discovery dispute concerning Cracker Barrel's objections to two of Cook's Requests for Production of Documents ("RFP"). After reviewing the parties' memoranda regarding the dispute (Docs. 33 and 38) and hearing counsel's argument during a teleconference April 26, 2018, the Court sustains in part Cracker Barrel's objections.

### Background

On March 24, 2017, Cook was dining at a Cracker Barrel restaurant in Independence, Missouri. She alleges that Dan Smotherman, the on-duty Cracker Barrel manager, negligently ran into her and knocked her to the ground, causing multiple injuries. Cook's complaint alleges that Cracker Barrel was negligent by (relevant here):

(a) negligently and carelessly running into Carol Cook, knocking her to the ground;
(b) negligently and carelessly failing to keep a careful lookout;
(c) negligently and carelessly failing to give Carol Cook warning that she was going to be run into;

(d) negligently and carelessly training and/or failing to supervise employees, agents and/or servants to protect against potential injuries to customers; and
(e) negligently and carelessly failing to maintain proper protocols and procedures to ensure customer safety.

Cook's Second RFP asked for (1) "a copy of Dan Smotherman's complete personnel file and/or employment file," and (2) "any and all documents that discuss, set forth or relate to any disciplinary action taken by or on behalf of Defendant Cracker Barrel Old Country Store, Inc., as to Dan Smotherman." Pl's Mem. Regarding Disc. Dispute Ex. A., 1. Cracker Barrel objected, arguing that the requested materials are irrelevant and overly invasive.

In the ensuing Rule 37.1(a)(1) conference, Cook agreed to limit the RFP to Smotherman's employment file related to "(1) disciplinary records, (2) misconduct, (3) write-ups, and (4) performance reviews only." *Id.* at 1. Cracker Barrel maintains its objection.

**Discussion**

Cracker Barrel argues that Cook's RFP seeks materials "wholly irrelevant to any issues in dispute simply in an apparent effort to improperly invade its employee's privacy for the purpose of suppositional, collateral impeachment." Def's Disc. Conf. Memo, 1. As support, it cites *State ex rel. Delmar Gardens North Operating, LLC v. Gaertner*, 239 S.W.3d 608, 612 (Mo. banc 2007), which found that "[p]ermitting discovery of a witness' entire personnel file solely for a collateral matter such as impeachment would eviscerate the right of privacy that employees enjoy as to those records."

*Gaertner* is distinguishable in two important ways. First, Cook does not seek Smotherman's "entire personnel file," but rather "(1) disciplinary records, (2) misconduct, (3) write-ups, and (4) performance reviews **only**." Def's Disc. Conf. Mem., 1 (emphasis in original). Additionally, the RFP in *Gaertner* sought employment records from "merely . . . a witness" to the events at issue. *Gaertner*, 239 S.W.3d at 612 ("Permitting discovery of a

2

witness' entire personnel file . . . could also discourage *witnesses* from reporting incidents of misconduct." (emphasis added)). Here, Smotherman is not only an agent of the single named defendant, but also his alleged negligence is the basis for Cook's claim. *Gaertner*'s rationale for limiting discovery of a "witness' entire personnel file" does not apply here because Smotherman is neither "merely a witness" nor confronting the discovery of his entire personnel file.

Cracker Barrel also relies on *Gaertner* for its argument that Cook cannot seek Smotherman's employment record solely for impeachment. *See Gaertner*, 239 S.W.3d at 612 ("Permitting discovery of a witness' entire personnel *file solely for a collateral matter such as impeachment* would eviscerate the right of privacy that employees enjoy as to those records." (emphasis added)). Cook responds that her request is calculated to seek evidence not only for impeachment, but also for her negligence claim; specifically, evidence related to Cracker Barrel's alleged negligent training and supervision of Smotherman.

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Relevancy in this context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Prime Aid Pharm. Corp. v. Express Scripts, Inc.*, No. 4:16-cv-1237, 2017 WL 3128917, at *1 (E.D. Mo. July 24, 2017) (citation omitted). Here, Cracker Barrel's claim that Cook seeks Smotherman's personnel file "solely for . . . impeachment" ignores Cook's explanation that the request is also reasonably calculated to lead to discovery of admissible evidence in her negligence claim. Under the broad construction of relevancy in the discovery context, Cracker Barrel's knowledge and handling of

Smotherman's disciplinary history is relevant to its training and supervision of Smotherman both before and during the event at issue. *See generally id.* However, the Court is concerned that some of Smotherman's employee file may be too far removed in time to be relevant and proportional to the needs of Cook's negligence claim. Therefore, Cracker Barrel should only produce documents that were developed within the last three (3) years. Additionally, the Court finds that Cook's request for Smotherman's performance reviews is overly invasive and not proportional to the needs of her negligence claim.

Finally, to the extent that Cracker Barrel is concerned with privacy, this Court has entered a Protective Order (Doc. 26) that Defendant may use to protect Smotherman's privacy.

## Conclusion

Cracker Barrel's objection to Cook's limited RFP is sustained in part. Cracker Barrel is instructed to provide records from Smotherman's employee file related to his (1) disciplinary records, (2) misconduct, and (3) write-ups, since March 24, 2014 (three years before the alleged incident).

**IT IS SO ORDERED.**

Date:  April 30, 2018                                /s/ Greg Kays                      .
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT